|   |   |
|---|---|
| 1 | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | CASE NO. CR04-5166RBL |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| GUADALUPE OLIVAS-RIVERA, | |
| Defendant. | |

THIS MATTER comes on before the above-entitled court upon Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c) [Dkt. #26]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

On February 25, 2011, the defendant was sentenced to 135 months in custody based on his guilty plea to one count of distribution of methamphetamine. He now seeks to be resentenced based on Amendments 739 and 740 to the United States Sentencing Guidelines.

Amendment 739 "revises the introductory commentary to Chapter Five, Part H (Specific Offender Characteristics), amends the police statements relating to age, mental and emotional conditions, physical condition, and military service, and makes conforming changes to § 5K2.0

(Grounds for Departure)." USSG App. C, amend. 739. The amendment does not affect the calculation of the guidelines range.

Amendment 740 "addresses when a downward departure may be appropriate in an illegal reentry case under § 2L1.2 (Unlawfully Entering or Remaining in the United States) on the basis of defendant's cultural assimilation to the United States." USSG App. C, amend. 740. As with Amendment 739, this amendment does not affect the calculation of the guidelines range.

A motion to reduce sentence is governed by 18 U.S.C. § 3582(c)(2). In order to decide if a defendant qualifies for a reduction under § 3582(c)(2), this Court must:

> (1) Determine whether the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)"; (2) "consider[ ] the factors set forth in section 3553(a) to the extent that they are applicable"; and (3) determine whether "a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

*United States v. Chaney,* 581 F.3d 1123, 1126 (9th Cir. 2009) (brackets in original) (quoting 18 U.S.C. § 3582(c)(2)).

The defendant's guidelines range has not been lowered by the Sentencing Commission's passing of Amendments 739 and 740. Because the amendments do not have the effect of lowering his guidelines range, and because they are not listed in USSG § 1B1.10(c), the sentence reduction the defendant seeks is not consistent with the policy statements issued by the Commissioner. USSG § 1B1.10 (Policy Statement).

Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c) [Dkt. #26] is **DENIED.**

**IT IS SO ORDERED.**

1   The Clerk shall send uncertified copies of this order to all counsel of
2   record, and to any party appearing pro se.
3   Dated this 18th day of July, 2011.

                    RONALD B. LEIGHTON
                    UNITED STATES DISTRICT JUDGE